IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:13-cv-138-RJC

| | | |
|---|---|---|
| MATTHEW JAMES DURY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| DON GAST, | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendants. | ) | |

**THIS MATTER** is before the Court on consideration of Petitioner's first amended complaint which challenges his conviction and present confinement in a federal institution.

**I.  BACKGROUND**

On February 6, 2008, Petitioner was indicted by the grand jury for the Western District of North Carolina on one count of receipt of child pornography, in violation of 18 U.S.C. §§ 2552(a)(2) and (b)(1) (Count One). A second count charged Petitioner with knowingly possessing a computer hard drive containing visual depictions which had been produced with materials that had traveled through interstate commerce, including by computer, in violation of 18 U.S.C. §§ 2252(a)(4) and (b)(2) (Count Two). (Criminal Case No. 1:08-cr-00016-MR-1, Doc. No. 1: Indictment). On April 24, 2008, Petitioner entered into a written plea agreement with the Government wherein the parties agreed Petitioner would plead guilty to Count One in exchange for the Government's agreement to dismiss Count Two at the appropriate time. (Doc. No. 11 ¶¶ 1-2: Plea Agreement). On April 28, 2008, Petitioner appeared for his Plea and Rule 11 hearing and his plea of guilty to Count One was accepted after the magistrate judge explained the charge,

1

the possible penalties, and determined that the plea was knowingly, voluntarily and intelligently entered. (Doc. No. 12: Acceptance and Entry of Guilty Plea).

On September 4, 2008, Petitioner appeared for his sentencing hearing and the Court sentenced Petitioner to a term of 204 months' imprisonment. (Doc. No. 18: Judgment in a Criminal Case). Petitioner noted a timely appeal to the United States Court of Appeals for the Fourth Circuit. Petitioner's counsel filed an Anders[1] brief concluding there were no meritorious issues for appeal, but suggesting that the trial court may have erred in its application of § 2G2.2(b)(5) of the U.S. Sentencing Guidelines Manual (USSG).[2] The Court rejected this argument but did find that Petitioner's sentence must be vacated after concluding the district court's pronouncement of sentence was not accompanied by an expressed understanding of its discretion in fashioning a sentence. United States v. Dury, 336 F. App'x 371, 372 (4th Cir. 2009) (unpublished)(citing United States v. Carter, 564 F.3d 325 (4th Cir. 2009)). On remand, the district court followed the mandate of the Fourth Circuit and imposed the same sentence of 204 months' imprisonment on August 26, 2009. (Criminal Case No. 1:08-cr-00016, Doc. No. 30: Amended Judgment). Petitioner did not file an appeal.

On October 9, 2012, Petitioner filed a "Motion to Challenge Jurisdiction." (Doc. No. 32). In his Motion, Petitioner raised a challenge contending that the statute under which he was sentenced, 18 U.S.C. § 3553(a), applies solely to offenses occurring within the District of Columbia, and as such, his conviction is void. On January 25, 2013, the Court entered an order denying Petitioner's Motion after finding that his argument was patently frivolous. (Doc. 34). On

---

[1] Anders v. California, 386 U.S. 738 (1967).

[2] § 2G2.2(b)(5) provides for a five-level enhancement if the court finds that the defendant engaged in a pattern of activity which involved the sexual abuse or exploitation of a minor.

February 11, 2013, Petitioner filed a notice of appeal to the United States Court of Appeals for the Fourth Circuit which is still pending as of May 20, 2013. United States v. Dury, No. 13-6203 (4th Cir. filed Feb. 11, 2013).

On November 2, 2012, Petitioner filed a Motion to Vacate in this district pursuant to 28 U.S.C. § 2255 and this proceeding is pending. See (Civil Case No. 1:12-cv-351-MR). In one of his claims for relief in the § 2255 proceeding, Plaintiff argues that Title 18 of the United States Code is null and void because the House of Representatives "failed to have a Quorum to Vote" when they voted on H.R. 3190. Specifically, Petitioner contends that on May 12, 1947, there were an insufficient number of House members present and therefore Title 18 is unconstitutional and his criminal judgment is therefore in violation of his rights under the 5th, 9th and 14th Amendments. (Doc. No. 1 at 5).

On May 13, 2013, Plaintiff filed his amended complaint and appears to try and raise a claim under Bivens[3] and raises the substance of his argument regarding the constitutionality of Title 18. Plaintiff contends that he "has conclusively proven through concrete evidence beyond any doubt that H.R. 3190 which codified Title 18" was enacted in an unconstitutional manner and is therefore null and void. (1:13-cv-138, Doc. No. 3 at 12). In his claim for relief, Plaintiff seeks an order voiding his conviction in Criminal Case No. 1:08-cr-16; and moves for both compensatory and punitive damages for false imprisonment. (Id. at 13).

**II.     DISCUSSION**

Plaintiff has already pressed a constitutional challenge to Title 18 in his § 2255 proceeding, and his claims in the present action must fail as he is again challenging the constitutionality of Title 18 and he is seeking a claim for monetary damages. First, a claim

---

[3] Bivens v. Six Unknown Narcotics Agents, 403 U.S. 388 (1971).

challenging the constitutionality of a statute must be resolved in his § 2255 proceeding unless it is found that § 2255 "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e).[4] The Fourth Circuit has concluded that the remedy under § 2255 is "inadequate or ineffective" only when:

> (1) at the time of conviction settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000). The Court finds that Plaintiff has failed to make such a showing here. Accordingly, Plaintiff's challenge to the constitutionality of Title 18 will be dismissed without prejudice.[5]

Second, a claim for monetary damages fails in light of the Supreme Court's decision in Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). See Williams v. Hill, 74 F.3d 1339 (D.C. Cir. 1996) (applying Heck to claims against federal officials under Bivens). Plaintiff's claim for damages is not cognizable under 42 U.S.C. § 1983 unless Plaintiff can show that his federal conviction has been set aside or vacated. A plaintiff seeking to recover monetary damages based on what they contend is illegal confinement must show that the sentence has been "reversed on

---

[4] See 28 U.S.C. § 2255(a) (providing that a prisoner in custody under a judgment of a federal court may move to set aside his conviction on the grounds that it "was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence"). This application should be made to the court which imposed the sentence unless that judge is no longer available. In the present case, the Honorable Lacy H. Thornburg imposed Petitioner's sentence. He has since retired and the § 2255 proceeding was assigned to the Honorable Martin Reidinger as the now presiding judge over Petitioner's case. Id.

[5] Finally, for the reasons stated herein, Plaintiff's claim against Assistant United States Attorney Don Gast will be dismissed as Plaintiff has made no showing that Mr. Gast, who represented the Government during Plaintiff's criminal case, prosecuted him under an unconstitutional statute.

4

direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." Heck, 512 U.S. at 486-87. As noted, Plaintiff's has a § 2255 motion pending which raises the constitutional challenge he presents in this Bivens action therefore he has failed to show that he meets any of the requirements under Heck in order to proceed with a claim for damages. Moreover, any finding that Plaintiff was entitled to damages based on his conviction and sentence would necessarily mean that his conviction was invalid.

For the foregoing reasons, Plaintiff's first amended complaint will be dismissed.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's first amended complaint is **DISMISSED**. (Doc. No. 3).

2. Plaintiff's motion to proceed in forma pauperis is **DISMISSED** as moot. (Doc. No. 2).

3. The Clerk of Court is directed to close this case.

Signed: June 6, 2013

Robert J. Conrad, Jr.
United States District Judge